5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 David A. WILLIAMS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3209.
 United States Court of Appeals, Federal Circuit.
 July 14, 1993.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This is an appeal from the January 25, 1993, decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DC0752920569-I-1. The Board upheld the determination of the administrative judge, who dismissed as untimely, David A. Williams' petition for appeal from his removal as a mail clerk, GS-305-04, in the Department of the Army at Kaiserslautern, Germany. We affirm the decision of the Board.
 
 DISCUSSION
 I.
 
 2
 Mr. Williams was removed from his position, effective as of January 3, 1992. The agency letter of December 26, 1991, proposing his removal, plainly stated in paragraph no. 10 that Mr. Williams was required to file his written appeal with the Merit Systems Protection Board at a stated address in Falls Church, Virginia. Paragraph 12 of the letter stated that a copy of the appeal form was enclosed and gave the FAX number of the agency office in which Mr. Williams had been employed. Mr. Larry Kohler, the attorney employed by Mr. Williams to represent him, sent the appeal by FAX to the agency office rather than to the address of the MSPB designated in paragraph 10 of the removal letter.
 
 
 3
 On March 11, 1992, Mr. Richard Kane, an agency representative, asked Mr. Kohler whether the appeal had been filed with the MSPB. Mr. Kane stated that the agency had not received a copy of an acknowledgement order from the MSPB. Mr. Kohler replied that he thought it was sufficient to send a copy of the appeal to the agency, but when paragraph 10 of the removal letter was shown to him, he admitted that he had not read the entire letter. Mr. Kohler did not take any action at that time to file an appeal with the MSPB. As required by 5 C.F.R. Section 1201.22(b) (1992), Mr. Williams' appeal should have been filed by January 23, 1992, but it was not filed until July 3, 1992.
 
 
 4
 In response to an order to show cause why the appeal should not be dismissed, Mr. Williams' substitute attorney argued before the MSPB that the time limit should be waived, because: (1) through no fault of Mr. Williams, his former attorney had FAXed the appeal to the wrong address, and Mr. Williams had no reason to believe the appeal was not timely filed; (2) he did not know that his former attorney was unfamiliar with Board procedures; and (3) the agency's JAG office did not inform Mr. Williams or his representative that the appeal had been improperly filed with them.
 
 II.
 
 5
 Under 5 C.F.R. Section 1201.22(c) (1992), the time limit for filing an appeal may be waived by the presiding official if good cause is shown, and the burden is on the employee to establish that the delay was excusable under the circumstances where diligence or ordinary prudence had been exercised. See Alonzo v. Dep't of the Air Force, 4 M.S.P.B. 180, 184 (1980). Because waiver of regulatory time limit is a matter committed to the Board's discretion, the court will not ordinarily substitute its judgment for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 6
 From a review of the record, we find that the administrative judge gave full consideration to all of the circumstances in this case, including the factors suggested in Alonzo. Therefore, we conclude that the administrative judge correctly determined that Mr. Williams had failed to establish good cause for the waiver of his failure to appeal in time. In a case directly on point, the MSPB held that the error of the employee's attorney in mailing the appeal to the agency instead of to the Board, did not constitute good cause for a waiver of the time limit for filing the appeal. See Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 7
 Mr. Williams selected Mr. Kohler as his attorney, and he "cannot now avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). Even if we assume--as Mr. Williams contends--that the provisions of the removal letter were ambiguous, there remains the telling fact that on March 11, 1992, his attorney learned about his error in sending the appeal to the wrong address, but took no further action to perfect the appeal.
 
 III.
 
 8
 In his appeal, Mr. Williams argues that his removal was improper, because of certain facts he alleges. However, because it has been determined that his appeal was not filed on time, this court has no jurisdiction to consider his arguments on the merits of his case. Accordingly, we affirm the decision of the MSPB.